UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REGINALD TIMOTHY JONES,

                Petitioner,

v.                          Case No:  2:13-cv-607-Ftm-29UAM

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

                Respondents.

_____/

## ORDER OF DISMISSAL

This cause of action is before the Court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Reginald Timothy Jones ("Petitioner") on August 19, 2013 (Doc. 1).  Petitioner filed an amended petition on September 30, 2013 and a supporting memorandum of law on October 25, 2013 (Doc. 12; Doc. 18). Respondents have filed a motion to dismiss the petition on the grounds that it is unexhausted (Doc. 119, filed Dec. 3, 2013).  Specifically, Respondents assert that an appeal of the issues raised in the instant petition for habeas relief is pending in Florida's Second District Court of Appeal (Doc. 119 at 2).

Petitioner has filed four responses to the motion to dismiss (Doc. 22; Doc. 23; Doc. 24; Doc. 25).  Petitioner does not dispute that there is a pending state appeal of these issues.  However, Petitioner asks this Court to consider his petition, notwithstanding

the pending appeal, because he believes that the state will not rule in his favor (Doc. 22 at 4; Doc. 25 at 5).

Upon consideration of the amended petition, the motion to dismiss and its exhibits, and the responses and exhibits filed by Petitioner, the Court concludes that the petition should be dismissed without prejudice to allow Petitioner an opportunity to exhaust all available state court remedies.

## I.   Background

On November 5, 2007, Petitioner entered a plea of no contest to three counts of deposit with intent to defraud and one count of grand theft (Doc. 19-1 at 5).   Plaintiff was sentenced to one year of community control followed by three years of probation.   Id.   The following day, Petitioner filed a motion to withdraw his plea.   Id. On November 16, 2007, the state judge orally denied Petitioner's motion to withdraw his plea, but failed to issue a written final order.   Id.   Petitioner appealed the denial of his motion to withdraw his plea.   Id.

On January 1, 2008, a violation of probation was filed against Petitioner, and an amended violation report was recorded on May 8, 2008 (Doc. 19-1).   The trial court found Petitioner guilty of violating probation on September 29, 2008, and on February 9, 2009, Petitioner was sentenced to five years in prison followed by five years of probation.   Id.   On November 26, 2008, Florida's Second District Court of Appeal noted that no written order had been entered

2

on Petitioner's motion to withdraw plea, and the Court relinquished jurisdiction for twenty days so that the circuit court could enter a written order (Doc. 19-1 at 6). The trial judge entered a written order on December 3, 2008. Id.

Petitioner was released from prison on August 9, 2012 and began serving the probation portion of his sentence (Doc. 19-1 at 6). On April 26, 2013, a new warrant for a violation of probation was issued against Petitioner. Id.

Petitioner initiated this action as an attack on the jurisdiction of the trial court to find him guilty of the first violation of probation because his direct appeal was still pending. Petitioner filed a motion to dismiss the warrant filed in his second violation of probation, arguing that because his February 9, 2009 sentence had been illegal, he was not legally on probation when the second violation of probation was entered against him (Doc. 19-1 at 7). The motion was denied, and Petitioner sought appeal of the denial. That appeal is still pending (Doc. 19 at 2).

Petitioner concedes that an appeal of this case is still pending (Doc. 22 at 3), but argues that "the Respondents refuse to be truthful about the issues" and that he does not "expect anything to change" in the state courts. Id. at 4. Petitioner also argues that this Court should consider his habeas petition at this time because "[e]ach and every attempt to seek relief [in the state courts] is met with denials." (Doc. 25 at 5).

3

## II.  Discussion

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State . . ." 28 U.S.C. § 2254(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).  This statutory exhaustion requirement is rooted in principles of comity and reflects the fundamental idea that the state should be given the initial opportunity to pass upon, and correct, alleged violations of the petitioner's constitutional rights. O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).  As the Supreme Court has observed, "a rigorously enforced total exhaustion rule" is necessary in our dual system of government to prevent a federal district court from upsetting a state court decision without first providing the state courts the opportunity to correct a constitutional violation. Rose v. Lundy, 455 U.S. 509, 518 (1982).

It is undisputed that Petitioner has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief; he has a pending appeal in Florida's Second District Court of Appeal in which he raises the identical issue presented in his petition. A ruling in

Petitioner's favor would moot the instant petition. Although
Petitioner expresses concern that the state court will not rule in
his favor, such concerns do not excuse him from the exhaustion
requirement. Waldrop v. Jones, 77 F.3d 1308, 1315 (11th Cir. 1996)
(declining to excuse failure to exhaust claims in state court because
"[e]ven if it was unlikely that [the petitioner's] claim would have
been well-received in state court, [the petitioner] should have
presented it").

   This Court does not deem it appropriate to rule on the merits
of Petitioners' claim without first requiring that he exhaust
available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it
does not appear that a stay of this case is warranted pending the
outcome of the state court proceedings as there is nothing before
this Court which indicates the requisite "good cause for the
petitioner's failure to exhaust his claims first in state court."
Rhines v. Weber, 544 U.S. 269, 277 (2005) (finding that a stay is
only appropriate when there is good cause for the petitioner's
failure to exhaust the claims in state court and that it would be an
abuse of discretion to grant a stay when the unexhausted claims are
plainly meritless or if the petitioner engaged in abusive litigation
tactic or intentional delay). Finally, this does not appear to be
a "mixed" petition containing both exhausted and unexhausted claims
so that this Court must present Petitioner with the choice of
amending or resubmitting the habeas petition to present only the

5

exhausted claims in district court.   See Rose, 455 U.S. at 510. Rather, the relief sought in the habeas petition is the identical relief sought from the Second District Court of Appeal in Petitioner's appeal of the trial court's order on his motion to dismiss (Doc. 19-1 at 5).   Therefore the instant petition is completely unexhausted.

Accordingly, it is hereby **ORDERED**:

1.   Respondents' motion to dismiss (Doc. 19) is **GRANTED.**  The amended petition for habeas corpus relief filed by Reginald Timothy Jones (Doc. 12) is dismissed without prejudice to file a new case after the state court proceedings are concluded.[1]

2.   The **Clerk of Court** is directed to terminate all pending motions, enter judgment accordingly, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on this   8th   day of January, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA:  OrlP-4 1/8/14
Copies to:  parties of record

---

[1] Petitioner should be aware that 28 U.S.C. § 2244(d) imposes a time limitation on the filing of a habeas corpus petition, and the dismissal without prejudice does not extend the time to do so. However, the time during which Petitioner's claims are pending in the state courts in a properly filed application for post-conviction relief or other request for collateral review is excluded from the one year period of limitation under 28 U.S.C. 2244(d)(1).